STATE OF WEST VIRGINIA

**FILED**
**June 16, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**TERRI DAVIS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0883** (BOR Appeal No. 2049251)
                    (Claim No. 2012020279)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terri Davis, by William C. Gallagher, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 7, 2014, in which the Board affirmed a February 24, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 24, 2013, decision denying the addition of chondromalacia of the right knee as a compensable condition of the claim. The Office of Judges also affirmed the claims administrator's April 18, 2013, decision which denied Ms. Davis's request for Supartz injections for the right knee. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Davis worked as a licensed practical nurse for Wheeling Hospital. On December 14, 2011, while at work, she slipped on a wet spot on the floor. During the fall, she twisted her right knee and ankle. She landed on her left wrist and her back. She also hit her head. Following the injury, Ms. Davis had an MRI taken of her right knee which revealed a tear of the anterior horn of the lateral meniscus. The MRI, however, revealed no abnormality of the bone. The claim was

1

held compensable for a lumbar sprain; a tear of the lateral cartilage and meniscus of the right knee; a closed head injury; a sprain of the wrist; a sprain of the right ankle; and contusions of the face, scalp, and neck. Michael M. Zilles, M.D., performed an arthroscopy, meniscectomy, and debridement of her right knee. Dr. Zilles found that Ms. Davis had arthritis of the knee as well as a meniscus tear. Following the surgery, Ms. Davis continued to have pain in her right knee, and she had a second MRI taken of her knee four months later. The MRI showed that Ms. Davis's meniscus was stable, but it revealed chondromalacia of the patella.

Following the second MRI, Ms. Davis was treated by Michael J. Rytel, M.D., who found that she had undergone physical therapy and corticosteroid injections without any relief for her knee symptoms. Dr. Rytel found that Ms. Davis's meniscus was stable but she had chondrosis most notably in the patellofemoral joint. Dr. Rytel then considered her most recent MRI. He found that her current complaints of pain were not consistent with the imaging study of her knee which he believed looked good. C. Clark Milton, D.O., then examined Ms. Davis. He found that she could extend her knee to over 120 degrees with encouragement. However, he found that she had peripatellar swelling in the right knee and that there was evidence of compartmental degenerative disease in the patellofemoral and lateral compartment of the right knee. Dennis A. Glazer, M.D., then evaluated Ms. Davis. Dr. Glazer found that her right knee was diffusely tender behind the patella. However, he believed her complaints were out of proportion with the objective findings of the MRIs. Based on his examination, he believed she had reached her maximum degree of medical improvement with respect to the compensable injury and that her knee was essentially normal. However, Aaron White, PT, performed a functional capacity evaluation and found that her low back and knee discomfort limited her functionality. He also believed that her complaints of pain coincided with the objective evidence.

On April 18, 2013, the claims administrator denied authorization for Supartz injections because the treatment was for Ms. Davis's chondromalacia, which was not a compensable condition of the claim. The claims administrator's decision did not state which of Ms. Davis's treating physicians made the request, and Ms. Davis did not submit the request into the record for consideration. Following this decision, Ira J. Ungar, M.S., M.D., reviewed Ms. Davis's records. Dr. Ungar found that the condition of chondromalacia, even if it was present, was not related to the occupational injury because there was no evidence of direct trauma to the right knee. He found that the mechanism of Ms. Davis's injury would not have applied any force to the patellafemoral compartment of the right knee. He also noted that chondromalacia was a degenerative condition and generally did not result from trauma. Based on Dr. Ungar's record review, on May 24, 2013, the claims administrator denied the addition of chondromalacia of the patella of the right knee as a compensable condition of the claim. The claims administrator indicated that the diagnosis update was made by Ms. Davis's treating physician, but Ms. Davis has not submitted the request or any treatment notes from this treating physician in support of the request into the record. On February 24, 2014, the Office of Judges affirmed the claims administrator's April 18, 2013, and May 24, 2013, decisions. The Board of Review affirmed the Order of the Office of Judges on August 7, 2014, leading Ms. Davis to appeal.

The Office of Judges concluded that the request for Supartz injections was related to chondromalacia. The Office of Judges also concluded that the diagnosis of chondromalacia was a

degenerative condition which was unrelated to the compensable injury. The Office of Judges found that the record indicated that chondromalacia was a pre-existing degenerative condition. The Office of Judges based this finding on the report of Dr. Ungar. It also relied on the reports of Dr. Glazer and Dr. Milton. The Office of Judges noted that even Dr. Rytel believed that Ms. Davis's complaints did not correlate to the objective evidence in her post-surgical MRI. The Office of Judges also found that the request for Supartz injections was not related to the compensable injury because Dr. Glazer found that she had reached her maximum degree of medical improvement. The Office of Judges determined that the request was clearly related to the non-compensable diagnosis of chondromalacia. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Davis has not demonstrated that the condition of chondromalacia is causally related to the compensable injury. Dr. Ungar's report demonstrates that it is unlikely that the mechanism of the injury contributed to Ms. Davis's chondromalacia. His findings are supported by the remainder of the evidence in the record, including the opinions of Dr. Rytel and Dr. Glazer. Although the MRI taken after her arthroscopic surgery revealed chondromalacia of the patella, there is no medical opinion in the record showing that this condition is related to the compensable injury. The diagnosis update request rejected by the claims administrator on May 24, 2013, is not sufficient to overturn the Board of Review's decision, especially considering that Ms. Davis did not submit the request into the record before the Office of Judges. Ms. Davis has also not demonstrated that Supartz injections are medically related and reasonably required to treat her compensable injury. Although Ms. Davis also did not submit this request into the record for the Office of Judges to consider, it is apparent from the reports of Dr. Milton, Dr. Glazer, and Dr. Ungar that her current need for the injections is related to the non-compensable degeneration in the patella compartment of her right knee. Because the degenerative condition is not related to the compensable injury, the treatment request was properly rejected by the claims administrator. Dr. Glazer determined that Ms. Davis has reached her maximum degree of medical improvement, and the Office of Judges was within its discretion in relying on his opinion to affirm the claims administrator's refusal to authorize the requested injections.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

## ISSUED: June 16, 2015

## CONCURRED IN BY:
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II